UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAN KNIESNER AND LINDA LORD,
on behalf of themselves and on behalf of others
similarly situated,

      Plaintiffs,

  v.

CITY OF OREGON CITY, a municipal
corporation; EDWARD ALLICK, LINDA
CARTER, ALICE NORRIS, DAN
DRENTLAW, and persons to be named,
in their official capacities and in their
individual capacities,

      Defendants.

Civil No. 04-398-AS

ORDER

HAGGERTY, Chief Judge:

  On January 9, 2006, Magistrate Judge Ashmanskas issued a Findings and Recommendation in this action [42], in which the Magistrate Judge recommended that defendants' Motion to Dismiss [25] be GRANTED and that plaintiffs' Motion for Administrative

1 -- ORDER

Dismissal [35] be DENIED.[1]  Plaintiffs filed timely objections to the Findings and Recommendation [45].

This matter is now before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).   A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a Magistrate Judge.  28 U.S.C. § 636(b)(1).  Within ten days of being served with a copy of the Findings and Recommendation, any party may file written objections and the court shall make a *de novo* determination of those portions of the Findings and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1).  When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report.  28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court has reviewed the record *de novo* as well as plaintiffs' objections.  Magistrate Judge Ashmanskas provided a thorough articulation and analysis of the facts regarding this litigation, which this court need not duplicate here.  For the reasons discussed below, the Magistrate Judge's Findings and Recommendation is adopted in its entirety.

## DISCUSSION

### The State Court Order Precludes Plaintiffs' Claims.

Issue preclusion exists when an issue of ultimate fact has been established in a prior proceeding.  See, *Nelson v. Emerald People's Utility Dist.*, 318 Or. 99, 102-103 (1994).  Issue preclusion can be based on the constitution, common law, or a statute.  *Fisher Broadcasting, Inc. v. Dep't of Revenue*, 321 Or. 341 (1995). Oregon courts recognize a five-part test to determine

---

[1] The court will refer to defendants collectively as "the City" within this order.

whether a decision in a prior proceeding is entitled to preclusive effect. *Id.* at 347. The five-part test, originally set forth in *Nelson*, provides that a tribunal's decision regarding an issue may preclude subsequent litigation of the issue if:

1) The issue in the two proceedings is identical;

2) The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding;

3) The party sought to be precluded has had a full and fair opportunity to be heard on that issue;

4) The party sought to be precluded was a party or was in privity with a party to the prior proceeding; and

5) The prior proceeding was the type of proceeding to which this court will give preclusive effect.

*Nelson*, 318 Ore. at 104 (citations omitted).

Here, the record supports the existence of each of the five *Nelson* factors. Specifically, in their motion to stay the instant action until the resolution of the state court proceedings, the plaintiffs conceded that the federal constitutional questions in the state court action and those in the present action were identical. Moreover, the record further reveals that the state court litigation in question allowed both parties to thoroughly brief and argue the federal constitutional claims as well as represent the interests of individuals not directly involved in the state court proceedings. Accordingly, this court agrees with the Magistrate Judge's finding that the state trial court's order granting the City's motion for partial summary judgment is entitled to preclusive effect in the instant case.[2]

---

[2] This court rejects plaintiffs' argument that the state court ruling is currently on appeal and, thus, not a final decision on the merits as contrary to the applicable case law regarding the preclusive effect of judgements awaiting appeal.

3 -- ORDER

**CONCLUSION**

For the foregoing reasons, the Magistrate Judge's Findings and Recommendation [42] is ADOPTED.  Defendants' Motion to Dismiss [25] is GRANTED and plaintiffs' Motion for Administrative Dismissal [35] is DENIED.

IT IS SO ORDERED.

Dated this  18   day of May, 2006.

                                            /s/Ancer L.Haggerty  
                                            ANCER L. HAGGERTY  
                                            United States District Judge